UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL HANS W.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br><br>    Defendant. | Case No. 1:22-CV-00265-DCN-DKG<br><br>**REPORT AND RECOMMENDATION** |

# INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of his application for disability and disability insurance benefits. (Dkt. 1.) The matter has been referred to the undersigned Magistrate Judge

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021.

**REPORT AND RECOMMENDATION - 1**

pursuant to 28 U.S.C. § 636(b)(1)(A), and is fully briefed. (Dkt. 9, 16, 20, 21.) Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will recommend that the decision of the Commissioner be reversed and remanded for the reasons set forth below.

## BACKGROUND

On August 21, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income. The applications allege disability beginning on July 13, 2019. (AR 77.) Plaintiff meets the insured status requirements through December 31, 2024. The applications were denied initially and on reconsideration.

A hearing was conducted on March 2, 2021, before Administrative Law Judge (ALJ) David Wills.[3] After considering testimony from Plaintiff and a vocational expert, on July 19, 2021, the ALJ issued a written decision finding Plaintiff not disabled. (AR 77-90.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date, Plaintiff was twenty-three years

---

[3] The hearing was conducted telephonically due to the Coronavirus Pandemic of 2019 (COVID-19). (AR 77, 100-101.)

of age. (AR 88.) Plaintiff is a high school graduate with past relevant work experience in customer service and as an assembler/electronic inspector. (AR 88, 132-133.) Plaintiff claims he is unable to work due to bipolar disorder, depressive disorder, anxiety, and autism.

## THE ALJ DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential process in determining whether a person is disabled or continues to be disabled within the meaning of the Social Security Act (SSA). *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1594; 416.920(a)(4)(i)-(v), 416.994.

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 80.) At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: bipolar disorder, type II; depressive disorder; anxiety disorder; and autism spectrum disorder. (AR 80.) The ALJ further concluded that Plaintiff's tendinitis and hyperlaxity were not severe impairments. At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of a listed impairment. (AR 81.)

The ALJ next found Plaintiff retained the residual functional capacity (RFC) for a full range of work at all exertional levels, but with the following nonexertional limitations: routine and repetitive unskilled work; simple, work-related decisions, utilizing judgment or dealing with changes in the work setting; never interact or respond appropriately with members of the public; incidental contact with coworkers, but his job cannot require teamwork to accomplish tasks; occasionally interact with supervisors; and will be off tasks up to ten percent of an eight-hour workday, and could be absent from work one day per month on a consistent basis. (AR 83.)

At step four, the ALJ concluded Plaintiff is not capable of performing his past relevant work. (AR 88.) Relying upon testimony from the vocational expert, the ALJ concluded at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform given his age, education, work experience, and RFC, such as: dry cleaner helper, laundry laborer, and polisher. (AR 89-90.) The ALJ therefore determined Plaintiff was not disabled.

## ISSUE FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence?

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on

legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id.* at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be

**REPORT AND RECOMMENDATION - 5**

discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

Plaintiff argues the ALJ failed to properly evaluate the medical opinion of Brian Crownover, M.D. (Dkt. 16, 21.) Defendant maintains the ALJ properly considered the medical opinion evidence and explained the bases for his evaluation as required by the regulations. (Dkt. 20.)

**1.     Legal Standard**

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ is not required to give deference to any medical opinion, including treating source opinions. 20 C.F.R. § 404.1520c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJs no longer need to "provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion."). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. §§ 404.1520c(a); 416.920(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3); 416.920c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

In fashioning a claimant's RFC, the ALJ must consider all relevant evidence in

the record, including medical records, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted). The ALJ is not obligated to discuss every piece of evidence when interpreting the evidence and developing the record, or discuss every word of a medical opinion or include limitations not assessed by a medical source. *Edwin C. v. Kijakazi*, 2021 WL 7286046, at * 6 (C.D. Cal. Nov. 19, 2021) (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)). "However, the ALJ must discuss significant and probative evidence that is contrary to the ALJ's findings and explain why it has been rejected." *Id.* (citing *Robbins*, 466 F.3d at 883; *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

With the above considerations in mind, the Court now turns to the ALJ's evaluation of the medical opinion.

2.  **Analysis**

Crownover, Plaintiff's treating physician, completed a mental residual functional capacity assessment opining as to Plaintiff's impairments and ability to perform work-related activities dated February 12, 2021. (AR 884-886.) Crownover opined that Plaintiff had extreme limitations in one area of understanding and memory; four extreme and two marked limitations in the area of sustained concentration and persistence; one extreme and two marked limitations in the area of social interaction; and one marked limitation in the area of adaptation. (AR 884-885.)

Crownover made a specific finding that the limitations assigned in the area of sustained concentration and persistence are supported by Plaintiff's past job performance. (AR 885.) The assessment reports that Plaintiff abuses substances, and that his present cannabis use limits memory retention. (AR 886.) The opinion is based on Crownover's direct observation and treatment of Plaintiff, which began March 8, 2017; psychological and psychiatric evaluations; clinical testing; counseling and medical records; patient reports; and Crownover's own experience and background. (AR 886.)

>The ALJ found Crownover's opinions unpersuasive, stating:
>
>[T]he undersigned consider[ed] the opinion of the claimant's provider, Brian Crownover, MD, from February 2021 (Exhibit 25F). This provider found the claimant experienced extreme limitations in his ability to understand and remember detailed instructions. The claimant experienced marked limitations in his ability to sustain concentration and persistence. The claimant experienced extreme limitations in his ability to interact with others. Finally, this provider found the claimant experienced marked limitations in his ability to adapt. This opinion is based on a treatment history with the claimant. However, this opinion admits the claimant's
>mental functioning is affected by his cannabis use. This opinion is also inconsistent with the claimant's ability to live with others, speak with people in a gas station, plan a birthday celebration with friends, and cooperate with his providers (Exhibit 2F, page 3, 4, and 7; 6F, page 1; 7F, page 4 and 8; 8F, page 42; 10F, page 4, 9, and 17; 19F, page 4, 5, 16, 22, and 26; 28F, page 2; and, Testimony). Therefore, this opinion is not persuasive.

(AR 86-87.)

Plaintiff argues the ALJ erred by failing to properly explain his evaluation of

**REPORT AND RECOMMENDATION - 9**

the supportability and consistency factors, leaving the decision unsupported by substantial evidence. (Dkt. 16, 21.) Defendant maintains the ALJ reasonably evaluated Crownover's opinion consistent with the applicable regulations. (Dkt. 20.) Having carefully reviewed the record, the Court finds the ALJ committed harmful error.

While the ALJ stated potentially valid bases for finding the opinion unpersuasive – inconsistency with other evidence in the record and, possibly, lack of supportability - the ALJ erred in failing to provide an adequate explanation of his reasoning to allow for meaningful review. *See Brown-Hunter*, 806 F.3d at 492("[T]he agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). This is required even under the revised regulations for evaluating medical opinion evidence. *See e.g., Tracy S. v. Comm'r of Soc. Sec. Admin.*, 2023 WL 2889778, at *3-4 (D. Or. April 11, 2023).

Here, the ALJ first observed that the opinion is based on Crownover's treatment history with Plaintiff, but that Crownover admits Plaintiff's mental functioning is affected by his cannabis use. (AR 87.) The ALJ's reasoning concerning the impact of Plaintiff's drug use on the persuasiveness of the opinion is unknown. That is to say, it is unclear whether the ALJ concluded Plaintiff's drug use rendered

**REPORT AND RECOMMENDATION - 10**

the opinion unpersuasive because it was unsupported, inconsistent, or for some other reason.[4] The ALJ did not use the word supportability in evaluating Crownover's opinion, and did not plainly conclude that Plaintiff's drug use was inconsistent with the opinion. (AR 87.) While the ALJ is not required to find an opinion is both unsupported and inconsistent in order to find it unpersuasive, the lack of any explanation or reasoning concerning the import of Plaintiff's cannabis use on the ALJ's evaluation of the opinion is error as it prevents meaningful review of the ALJ's decision.[5]

It is possible the ALJ concluded that Crownover's opinion was internally inconsistent by finding Plaintiff had extreme limitations in his ability to understand and remember detailed instructions, while also acknowledging that Plaintiff's cannabis use limits memory retention. Or, as Defendant postulates, it may be that the ALJ found the opinion unsupported by Crownover's treatment notes. (Dkt. 20 at 3-4.) The ALJ, however, did not make either of those findings in the written decision itself,

---

[4] Because remand is recommended for the reasons stated herein, the Court will not address Plaintiff's argument that the ALJ failed to engage in a proper Drug Addiction and Alcoholism (DAA) analysis. (Dkt. 16 at 13.)

[5] "An 'incantation' of 'magic words' is not required of an ALJ, only sufficient explanation to allow 'specific and legitimate inferences' from the decision to allow the court to conclude that the applicable standard has been met." *Sanchez v. Comm'r of Soc. Sec. Admin.*, 2022 WL 4798452, at *14 (D. Ariz. Aug. 26, 2022) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989)). Nevertheless, "to avoid confusion in future cases, ALJs should endeavor to use these two terms of art – 'consistent' and 'supported' – with precision." *Woods*, 32 F.4th at 793, n. 4.

and the Court may not speculate as to the ALJ's reasoning. *Treichler*, 775 F.3d at 1103 (the Court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions."). Nor can the Court rely on *post hoc* rationalizations of what the ALJ may have reasoned. *Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Further, the Court is unable to discern the ALJ's reasoning from the written decision, or to conclude that the ALJ properly applied the relevant standard to evaluate the opinion. *Molina*, 674 F.3d at 1113.

      Next, the ALJ found the opinion "also inconsistent" with Plaintiff's ability to interact with others and cooperate with his providers, citing various medical records. (AR 87.) Again, the ALJ offers no explanation of his reasoning in this regard. For instance, the ALJ does not explain how Plaintiff's ability to live with his father and siblings and socialize with a few close friends undermines Crownover's opinion that Plaintiff is extremely limited in his ability to interact appropriately with the general public, or the other marked social interaction limitations. Nor does the ALJ explain how Plaintiff's ability to cooperate with his own providers is inconsistent with the marked and extreme limitations assigned by Crownover.

      Moreover, the isolated portions of records relied on by the ALJ to support

**REPORT AND RECOMMENDATION - 12**

finding Crownover's opinion unpersuasive appear to contrast with the overall medical record. (AR 87.) Most notably, the record reporting that Plaintiff "has plans to socialize with friends on his upcoming birthday," which the ALJ characterized as Plaintiff's ability to "plan a birthday celebration with friends." *Compare* (AR 87) and (AR 766.) The paragraph of the record containing the discussion of birthday plans, however, began by stating Plaintiff "continues to struggle with social anxiety as evidenced by reports of feeling worried about 'being around people' and getting triggered when he is around people," and "he can get angry and agitated and easily annoyed by others." (Dkt. 766.) Further, the ALJ considered this same record previously in the decision and found the opinion contained in the record to be unpersuasive, yet the ALJ relied on it later to discredit Crownover's opinion. (AR 86.)[6]

Similarly, the isolated occurrences of Plaintiff's ability for social engagement at a gas station and with friends, roommates, and providers, are seemingly converse with the overall medical record reporting that Plaintiff consistently struggled with social anxiety, being around people, social interactions at work, and living with roommates. *See e.g.,* (AR 503, 518-20, 522, 531, 540-41, 635-36, 765-766, 777, 779,

---

[6] The record is a Psychotherapy Treatment Plan authored by Plaintiff's counselor, Victor Myers, LCPC, dated November 10, 2020. (AR 764-770.) The ALJ mistakenly cites the record as "Exhibit 19E." (AR 86.) However, the report is found in the Administrative Record at Exhibit 19F/3-9. (AR 764-770.)

896.)[7] Plaintiff testified during the hearing before the ALJ that he is easily distracted and lacked focus and concentration due to his limitations in dealing with others in the workplace. (AR 110-114, 121-122.) While the ALJ discredited Plaintiff's symptom statements and testimony, later in the decision the ALJ relied on Plaintiff's testimony as a basis for finding Crownover's opinion unpersuasive.

These discrepancies weigh against finding the ALJ's decision is supported by substantial evidence. This is not to say that the record may not support the ALJ's evaluation of Crownover's opinion. Rather, without any explanation, the Court it is unable to discern the ALJ's reasoning and meaningfully review the decision.

The ALJ is required to review the entire record and view the opinion in the context of the overall diagnostic picture the provider draws. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). That an individual demonstrates some improvement "does not mean that the person's impairments no longer seriously affect[s] [his] or her ability to function in a workplace." *Holohan*, 246 F.3d at 1205. Here, the isolated comments in the medical records reporting that Plaintiff was able "to live with others, speak to people at a gas station, plan a birthday celebration with friends, and cooperate with his

---

[7] The ALJ did not cite the particular record containing Plaintiff's report about talking with others at a gas station, in the portion of the decision addressing Crownover's opinion. (AR 87.) However, the record is cited earlier in the ALJ's discussion of Plaintiff's symptom statements. (AR 85) (citing 19F/12 or AR 773). The Court does not find error in this regard, but notes the discrepancy as further evidence of the difficulty in discerning the ALJ's reasoning in the absence of any explanation for the ALJ's evaluation of Crownover's opinion.

providers," which the ALJ relied on, conflict at least in part with the overall record. (AR 87.) Absent some explanation by the ALJ, the Court is unable to discern the ALJ's reasons for finding Crownover's opinion unpersuasive and, consequently, to meaningfully review whether the ALJ's evaluation of the medical opinion evidence was consistent with the regulations.

For these reasons, the Court finds the ALJ erred. The Court further finds the ALJ's error was not harmless and requires reversal. *See Molina*, 674 F.3d at 1117 (an error is not harmless if it "alters the outcome of the case"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (The ALJ's errors were not harmless because they were not "inconsequential to the ultimate nondisability determination.").

Harmless error principles apply in the Social Security context. *Molina*, 674 F.3d at 1115. An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d. at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ considered some or all of the limitations in Crownover's opinion,

**REPORT AND RECOMMENDATION - 15**

the outcome at step three may have been different. *See* 20 C.F.R §§ 404.1520(d); 416.920(d) (At step three, if any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled): 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(A)(2)(b) ("To satisfy the paragraph B criteria, your mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning," which are: "understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."). Thus, the Court cannot conclude that the error was inconsequential to the nondisability determination. Therefore, the Court will recommend that the decision of the Commissioner be reversed.

## CONCLUSION

Based on the foregoing, the Court finds harmful error in the Commissioner's evaluation of the medical opinion evidence. Therefore, the disability determination is not supported by the record. The Court will recommend that the decision of the Commissioner be reversed and remanded for further proceedings.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at

1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81. In general, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Here, the ALJ erred in evaluating the medical opinion evidence. The circumstances presented in this case suggest that further administrative review could remedy the Commissioner's errors. *McLeod*, 640 F.3d at 888; *Harman*, 211 F.3d at 1179-81. Accordingly, remanded for further proceedings is appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that:

1) The decision of the Commissioner of Social Security be **REVERSED**;

2) This action be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

3) The Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4) Judgment be **ENTERED** in favor of Plaintiff.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 9, 2023

Honorable Debora K. Grasham
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 18**